## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

**Shallow Water Equipment, LLC**     *

**And**     *

**TK Boat Rentals, LLC**     *

     *   **Civil Action No. 2:21-CV-00949 EEF-KWR**

**V.**     *

     *

**Pontchartrain Partners, LLC**     *

     *

**************************************

### MEMORANDUM IN SUPPORT OF
### <u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)</u>

**MAY IT PLEASE THE COURT:**

Defendant, Continental Casualty Company ("Continental"), respectfully suggests that Plaintiffs have failed to state a claim upon which relief can be granted under the Miller Act, 40 U.S.C.A. § 3133.  In their Amended Complaint, Plaintiffs fail to address two key prerequisites to asserting a Miller Act claim.  First, TK Boat Rentals, LLC ("TK"), as a second-tier subcontractor, is required to give "notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made".  40 U.S.C.A. § 3133(b)(2). There is no allegation in the Amended Complaint that TK provided such notice.

Also, Shallow Water Equipment, LLC ("Shallow Water"), as a first-tier subcontractor, must bring its action no later than one year "after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C.A. § 3133(b)(4). Shallow Water does not state anywhere in its Amended Complaint when it last performed labor for, or supplied material to, the contractor.  Accordingly, neither TK nor Shallow Water have adequately stated a claim upon which relief can be granted.

## BRIEF FACTUAL AND PROCEDURAL HISTORY

On December 1, 2021, Plaintiffs filed a First Amended and Superseding Complaint ("Amended Complaint"), adding Continental as a defendant for the first time, and purporting to assert a claim against Continental under the Miller Act, 40 U.S.C.A. § 3133.  Plaintiffs allege in Paragraph 6 of the Amended Complaint that "Continental Casualty Company is the issuer of a performance bond No. 30083299, OMB Control Number 9000-0045, dated 01 October 2019, relative to Contract Number W912HY19C0027, which was at all relevant times the Miller Act bond relative to the work performed by the GRANT and by plaintiffs for Pontchartrain Partners." Plaintiffs also assert, in Paragraph 26 of their Amended Complaint, that "Shallow Water was at all material times a first-tier subcontractor, and TK a second-tier subcontractor, both of which can recover against Pontchartrain's Miller Act bond."

Plaintiffs, however, fail to address critical elements of a Miller Act claim in their Amended Complaint. A claim under the Miller Act must be brought within one year of the "day on which the last of the labor was performed or material was supplied".  40 U.S.C.A. § 3133(b)(4). Additionally, a party who only has a contractual relationship with a subcontractor, such as TK in this case, may bring a civil action on the payment bond only after "giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made". 40 U.S.C.A. § 3133(b)(2).  TK and Shallow Water have failed to meet these basic requirements under the Miller Act, and have failed to state a claim under the Miller Act claim against Continental.

## LEGAL ANALYSIS

### A.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." *Keymel Techs., LLC v. Zurich N. Am. Ins. Co*., CIV.A. 13-3004, 2013 WL 6858706, at *1 (E.D. La. Dec. 30, 2013). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. "However, if factual allegations show the running of a statute of limitations, it 'may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *Id*. (citing *Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir.2003)).

### B.      TK, as a second-tier subcontractor, has failed to allege that it provided the required notice under the Miller Act.

As set forth above, TK is a second-tier subcontractor.  Amended Complaint, para. 26. Under the Miller Act, a party having direct contractual relationship with a subcontractor must submit written notice of a claim to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. 40 U.S.C.A. § 3133(b)(2).  There is no allegation in the Amended Complaint that TK provided the required statutory notice.  TK has therefore failed to state a claim upon which relief can be granted under the Miller Act against Continental.

### C.      Shallow Water, as a first-tier subcontractor, has failed to allege when it last performed services for, or supplied material to, the contractor.

Similarly, Shallow Water has failed to meet the basic requirements of the Miller Act by failing to assert when it last provided services for, or supplied material to, the contractor in this case.  The Fifth Circuit has stated that "[a] claimant cannot commence suit under the Miller Act

'after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him' in prosecution of the work provided for in the contract between the government and the prime contractor." *U.S. for Use of Am. Bank v. C.I.T. Const. Inc. of Texas*, 944 F.2d 253, 256 (5th Cir.1991). Also, the statue is clear that "[a]n action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C.A. § 3133(b)(4).

In this case, Shallow Water does not even allege when it last provided services for, or supplied material to, the contractor.  The Amended Complaint does contain certain allegations concerning when payments allegedly stopped (see para. 17), but that does not equate with the last date services were performed or materials were provided.  Also, the Miller Act case law indicates that "only work performed and materials supplied <u>as part of the original contract</u>—as opposed to corrective or repair work performed after final inspection and not provided for in the contract— fall within the meaning of 'labor' or 'materials' for purposes of the statute of limitations provision in § 3133(b)". *United States for Use & Benefit of Lee Masonry Prod., Inc. v. Forrest B. White, Jr. Masonry, Inc.*, 20-5582, 2021 WL 5918011, at *3 (6th Cir. Sept. 29, 2021) (emphasis added) (citing *United States ex rel. Interstate Mech. Contractors, Inc. v. Int'l Fid. Ins*., 200 F.3d 456, 459-60 (6th Cir. 2000)).  Here, the allegations are not sufficient for Shallow Water to state a claim against Continental under the Miller Act.

## **CONCLUSION**

Plaintiffs' Amended Complaint fails to state a claim under the Miller Act on behalf of TK or Shallow Water.  First, TK, as a second-tier subcontractor, was required to give "notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made".  There is no

allegation in the Amended Complaint that TK provided such notice. Also, Shallow Water, as a first-tier subcontractor, was required to bring its action no later than one year "after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C.A. § 3133(b)(4). Shallow Water does not state anywhere in its Amended Complaint when it last performed labor for, or supplied material to, the contractor. Accordingly, neither TK nor Shallow Water have adequately stated a claim upon which relief can be granted.

WHEREFORE, Defendant, Continental Casualty Company, prays that its Motion to Dismiss Pursuant to Rule 12(b)(6) be granted, and that the claims against it be dismissed with prejudice.

Dated: January 19, 2022                    Respectfully submitted,

                                          /s/ Jason R. Anders
                                          Jason Anders
                                          La. Bar No. 26171
                                          ANDERS LAW FIRM
                                          650 Poydras Street, Suite 1400
                                          New Orleans, LA 70130
                                          Tel: 504-407-2552
                                          jason@anderslawfirm.com

                                          Counsel for Defendant,
                                          Continental Casualty Company

## **CERTIFICATE OF SERVICE**

I certify that, on the date set forth below, I caused a true and correct copy of the foregoing

document to be served via the Court's electronic filing system upon the following:

Bohman Morse, LLC
Harry E. Morse
400 Poydras St., Suite 2050
New Orleans, LA 70130
Harry@BohmanMorse.com
Direct: 504.930.4030
Attorneys for Plaintiff

Dated:  January 19, 2022            /s/ Jason Anders
                                    Jason Anders
                                    La. Bar No. 26171
                                    ANDERS LAW FIRM
                                    650 Poydras Street, Suite 1400
                                    New Orleans, LA 70130
                                    Tel: 504-407-2552
                                    jason@anderslawfirm.com