UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHALLOW WATER EQUIPMENT L.L.C. ET AL**              CIVIL ACTION

**VERSUS**                                             NO. 21-949

**PONTCHARTRAIN PARTNERS, L.L.C.**                     SECTION "L" (4)

## ORDER AND REASONS

Pending before the Court is an "Omnibus Motion *in Limine*" filed by Defendant Pontchartrain Partners, LLC ("Ponchartrain"). R. Doc. 76. Plaintiffs TK Boat Rentals, L.L.C. ("TK") and Shallow Water Equipment, L.L.C. ("Shallow Water") oppose the motion. R. Doc. 87. The Court will address each of Ponchartrain's 5 requests in turn.

**1.  Request to Exclude of Evidence of Additional/Increased Day Rate**

First, Ponchartrain seeks to exclude as irrelevant any evidence of additional or increased day rate due to market conditions. R. Doc. 76-1 at 3-4. Ponchartrain argues that, because TK admits that it has a bareboat charter between itself and Shallow Water that remains ongoing, TK cannot "obtain increased/additional day rate." R. Doc. 76-1 at 3-4. Accordingly, Ponchartrain contends that "the amount of any new increased/additional day rate that TK . . . might be able to obtain by entering into a new charter agreement" has no relevance. *Id.* at 4.

The Court disagrees. As the Court has repeatedly explained, consequential damages— namely, lost charter hire—may be recovered in this case. R. Docs. 78-79. At a minimum, Shallow Water may be entitled to lost charter hire if Ponchartrain returned the spud barge GRANT in a damaged condition such that Shallow Water had to hire out the vessel at less than

the market rate. Accordingly, evidence of the day rate for spud barges like the GRANT is admissible.

### 2. "Exclusion of Evidence of Damages not Recoverable from Ponchartrain"

Second, Ponchartrain argues that it "may only be held liable for past-due rent accrued prior to January 10, 2021"—the date when the first off-charter survey occurred. R. Doc. 76-1 at 4-5. Therefore, Ponchartrain moves to exclude as irrelevant any evidence of damages besides rent that accrued prior to January 10, 2021. *Id.*

Again, the Court disagrees. The Court previously explained that TK may have a maritime tort claim against Ponchartrain and has held that consequential damages may be recovered. R. Doc. 79. Thus, evidence of damages beyond merely rent accrued prior to January 10, 2021 are relevant and admissible.

### 3. Exclusion of Evidence of Property Damage

Third, Ponchartrain argues that evidence of property damage is not relevant. R. Doc. 76-1 at 5-6. Ponchartrain's request is moot because the parties have resolved all property damage claims.

### 4. Exclusion of Employee Statements Regarding Timing of Damages

Fourth, Ponchartrain requests the exclusion of certain statements by employees of Great American Insurance Company. R. Doc. 6-7. This request is likewise moot as Great American Insurance Company has been dismissed from this case. R. Doc. 88.

### 5. Exclusion of Deposition Testimony of Travis Glass and Danny Wade

Fifth, Ponchartrain moves to exclude the deposition testimony of Travis Glass and Danny Wade, two former Ponchartrain employees. R. Doc. 8. Ponchartrain argues that this testimony is unfairly prejudicial under Federal Rule of Evidence 403, describing Glass and Wade as

"disgruntled former employees" who "apparently colluded prior to their testimony" and "ha[d] motive to hurt Ponchartrain and/or exculpate themselves or others." *Id.* Notably, this case will be tried to the bench. The Court, in its role as factfinder, is capable of appropriately considering each witness's testimony—including accounting for any motive or bias that a witness may have—without being unfairly prejudiced. *See Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. Unit A 1981) (explaining that the "portion of Rule 403 [that requires weighing the probative value of evidence against its prejudice] has no logical application to bench trials" and stating that "excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure" in a bench trial).

For these reasons,

**IT IS ORDERED** that Ponchartrain's "Omnibus Motion *in Limine*," R. Doc. 76, is **DENIED**.

New Orleans, Louisiana, this 19th day of August, 2022.

**UNITED STATES DISTRICT JUDGE**