UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHALLOW WATER EQUIPMENT LLC** | * | **CIVIL ACTION NO.  21:00949** |
| **AND** | * | |
| **TK BOAT RENTALS, LLC** | * | **SECTION "L," DIVISION "4"** |
| | * | |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| | * | |
| **PONTCHARTRAIN PARTNERS, LLC** | * | **JURY TRIAL REQUESTED** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PONTCHARTRAIN PARTNER'S**
***ROBINS DRY DOCK* POST-TRIAL BRIEF**

MAY IT PLEASE THE COURT:

Defendant, PONTCHARTRAIN PARTNERS, LLC, submits the following briefing on the applicability of *Robins Dry Dock*:

While Pontchartrain acknowledges that *Robins Dry Dock & Repair v. Flint*, 275 U.S. 303 (1927) is not directly on point, the specific facts of this case make the development of its holding as expressed in *Domar Ocean Transp., Ltd., Div. of Lee-Vac, Ltd. v. M/V Andrew Martin*, 754 F.2d 616, 619 (5th Cir. 1985) and *State of Louisiana v. M/V TESTBANK*, 752 F.2d 1019 (5th Cir. 1985) distinguishable, while the essence of *Robins Dry Dock* remains applicable, if modifiable, to the facts of the case at bar.

Indeed, the instant case may be novel in the respect that TK, the GRANT's owner at the time of the damage, pursuant to an oral bareboat charter, ceded full possession and control of the GRANT to Shallow Water, which, in its capacity as *de facto* owner, sub-chartered the GRANT to Pontchartrain on terms less onerous than those under which it had contracted with TK, particularly with respect to control over, and responsibility for, repair.  Additionally, the damage which occurred in this case was not simply a result of a maritime accident caused by a negligent tortfeasor

1

who was a true third-party to the charter arrangements, but, rather, the damages sustained were specifically foreseen and contemplated by the sub-charter between Shallow Water and Pontchartrain, if not the charter between TK and Shallow Water.  As such, the foundation for Plaintiffs' argument in brief, *Rogers Terminal and Shipping Co. v. Intern. Grain Transfer, Inc.*, 672 F.2d 464, 466 (5th Cir. 1982), is also clearly distinguishable.  TK knew that Shallow Water would sub-charter the GRANT for construction work; Shallow Water knew that Pontchartrain intended to utilize the GRANT in construction work.  The knowledge and expectation of Pontchartrain was that it had chartered the vessel from its owner, and that all rights and remedies as to the GRANT's owner were contemplated and contained in the written agreement between Shallow Water and Pontchartrain.  Pontchartrain can find no reported case law directly on point.

The pertinent question for purposes of this case is whether a vessel owner, who maintains a reversionary interest in a vessel of which the sub-charterer is not aware, and who has foreseen and presumably protected itself in contract with respect to contemplated damages to its vessel *vis-a-vis* the disponent and *de facto* owner via contractual obligation to repair, may circumvent both its contract with the *de facto* owner and the *de facto* owner's contract with the sub-charterer to claim in tort, where the sub-charterer in all respects believed that it had fully foreclosed extra-contractual liabilities in dealing with what it believed was the owner of the vessel.  This Court should find that the spirit of *Robins Dry Dock* requires it to answer this question in the negative.

At all pertinent times, TK held only a mere right of reversion in what it admits was a perpetual bareboat charter of the GRANT to Shallow Water.  At no point has TK exercised its right of reversion, but, if it did, Shallow Water would have the absolute duty to repair and return the GRANT, and all consequential damages would flow from Shallow Water's breach of its charter party.  TK's claim would arise in contract, not in tort; the result is the same with respect to claims

Shallow Water might have against Pontchartrain under the written agreement between them, if any. But, more importantly, TK's future property interest is not damaged unless and until the right of reversion is exercised, and Shallow Water refuses to repair and return the GRANT.

It is precisely here that this case intersects with *Texas E. Transmission Corp. v. McMoRan Offshore Expl. Co.*, 877 F.2d 1214, 1225 (5th Cir. 1989). As the Court notes in its August 25, 2022, Order (Rec. Doc. 95), in assessing whether an entity has a proprietary interest sufficient to satisfy *Robins Dry Dock*, the following three factors are considered: actual possession or control, responsibility for repair, and responsibility for maintenance. TK's interest satisfies none of the factors. TK granted Shallow Water full possession and control, and Shallow Water had the obligation to repair. Although, TK arguably owed Shallow Water the obligation of routine maintenance pursuant to the oral bareboat charter between them, as between Pontchartrain and Shallow Water, that obligation also belonged to Shallow Water; and further, the act of sub-chartering may have even absolved TK of any obligation of repair owed Shallow Water.

## **CONCLUSION**

TK's interest in the GRANT was and remains a *future* interest where the charter to Shallow Water was perpetual and has not terminated. That future interest, specifically to have the GRANT returned to it in the condition in which it left, is contractually protected. Pontchartrain did not owe that same duty to Shallow Water, having the option to return the GRANT and be billed for repair. That agreement was struck while Shallow Water was *de facto* owner of the vessel, and, most importantly, while Pontchartrain contracted under the impression that Shallow Water was the actual owner; that impression was not dispelled and was confirmed by the . It was not foreseeable to Pontchartrain that it would have tort liability to someone with whom Shallow Water had contracted. Finally, the property damage which occurred was foreseeable and contemplated by all

3

such that its occurrence cannot constitute a breach of tort duty. The remedy for those damages are provided in contract. TK seeks remedy in tort against Pontchartrain simply because, if it enforces the contractual obligations of Shallow Water, its friend and business associate, Shallow Water might never recover all or any of its obligation to TK from Pontchartrain. Finally, TK's property interest is not damages unless and until its charter with Shallow Water has terminated and Shallow Water has failed in its obligation to return the GRANT in a repaired state. The principles of equity and contractual privity, as well as foreseeability and the spirt of *Robins Dry Dock* all require that the differences between and among TK, Shallow Water and Pontchartrain be resolved upon the terms of the contracts between them.

Respectfully submitted,

TREADAWAY BOLLINGER, LLC

____/s/ *Jeffrey E. McDonald*_____
BRETT M. BOLLINGER (#24303)
JEFFREY E. MCDONALD (#33270)
BRAD D. FERRAND (#29860)
JEREMY H. CALL (#35071)
406 N. Florida Street, Suite 2
Covington, LA 70433
Telephone: (985) 871-8787
Telefax: (985) 871-8788
E-mail: jeff@ztlalaw.com
***Attorneys for Defendant, Pontchartrain Partners, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on all counsel of record by the Court's Electronic Case Filing System, e-mail and/or by placing same in the U. S. Mail, postage prepaid, on the 26th day of August, 2022.

/s/ Jeffrey E. McDonald_____

4