UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHALLOW WATER EQUIPMENT L.L.C. ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-949** |
| **PONTCHARTRAIN PARTNERS, L.L.C.** | **SECTION "L" (4)** |

### ORDER AND REASONS

Before the Court is Plaintiff TK Boat Rentals, L.L.C.'s Motion to Enforce a Settlement Agreement. R. Doc. 102. No opposition has been filed. Considering the briefing and applicable law, the Court now rules as follows.

### I.   BACKGROUND

This suit arises out of the charter and subcharter of the spud barge GRANT. TK Boat Rentals, L.L.C. ("TK Boat"), the owner of the GRANT, chartered the vessel to Shallow Water Equipment L.L.C. ("Shallow Water"), which, in turn, subchartered the vessel to Pontchartrain Partners, LLC ("Pontchartrain"). The vessel allegedly sustained damages due to improper use by Pontchartrain. TK Boat and Shallow Water sought damages for unpaid charter hire and consequential damages resulting from Pontchartrain's failure to return the GRANT in her original condition. The parties to this matter tried part of the case and settled part of the case.

This case came on for trial before the Court without a jury on August 22, 2022. On August 30, 2022, the Court issued its findings of fact and conclusions of law and held that Pontchartrain is liable to both TK Boat and Shallow Water. R. Doc. 99. Presently, TK Boat moves the Court to enforce the settlement reached between TK Boat and Pontchartrain. R. Doc. 102. It provides that while the judgment at trial has been paid and most of the settlement has been paid, Pontchartrain

has yet to pay part of their settlement. R. Doc. 102-1. According to TK Boat, Pontchartrain owes TK Boat $80,000. *Id.* No opposition has been filed.

II.     LAW AND ANALYSIS

The Court has jurisdiction over the underlying dispute because the case concerns both maritime contracts and federal question jurisdiction as parties to the suit raised claims regarding a bond allegedly obtained by Pontchartrain pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq*. R. Doc. 79. Law binding on this court holds that district courts have the "inherent power to recognize, encourage, and when necessary, enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). Federal courts exercising federal-question jurisdiction in such cases look to federal laws to determine if the settlement agreement is valid and enforceable when the parties' substantive rights and liabilities stem from federal law. *Stuart v. Russell*, No. 21-1231, 2023 WL 5487365 at *2 (W.D. La. Aug. 8, 2023); *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984). "Under federal law, a settlement agreement is a contract." *Stuart*, 2023 WL 54873655 at *2; *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). Accordingly, a binding settlement agreement is found when there is a "manifestation of mutual assent, usually in the form of offer and acceptance." *Peacock v. Deutsche Bank Nat'l Trust Co.*, No. 20-3945, 2022 WL 1185173 at 2 (S.D. Tex. Apr. 19, 2022).

Notably, "federal law does not require settlement agreements to be reduced to writing." *E.E.O.C. v. Phillip Servs. Corp.*, 635 F.3d 164, 167 (5th Cir. 2011). That is of no moment here since TK Boat is not seeking to enforce an oral agreement. Rather, the settlement agreement arises out of a written contract. R. Doc. 102-3.

TK Boat offers the following summary of facts that brought the parties to this point. TK Boat provides that it entered a settlement with Pontchartrian regarding the repairs that were needed to the GRANT. R. Doc. 102-1. At the time of settlement, the GRANT had yet to be repaired and

TK Boat did not want to be subjected to excess exposure. Accordingly, the parties agreed that TK would pay for the repairs to the GRANT, then it would be reimbursed up to $470,000, with the first $80,000 paid by Pontchartrain. R. Doc. 102-3. The rest of the balance was to be paid by an insurance company. *Id.* The parties memorialized this compromise in the Receipt, Release, and Indemnification Agreement (the "Agreement"). *Id.* Pontchartrain signed the Agreement. *Id.* After repairing the GRANT, TK Boat submitted its proof of claim to Pontchartrain and the insurance company. R. Doc. 102-1. While the insurance company paid its share, TK Boat avers that Pontchartrain did not pay the $80,000 it owes TK Boat. *Id.* As a result, TK Boat presently seeks to recover the $80,000 from Pontchartrain.[1]

The Court finds that the Agreement is a binding contract between TK Boat and Pontchartrain. Both parties agreed to the terms contained within and signed the Agreement indicating their acceptance of said terms. Pontchartrain does not dispute that the Agreement lacks mutual assent, or the facts stated above. Thus, the Court holds that the parties entered a binding contract that requires Pontchartrain to remit $80,000 to TK Boat for repairs to the GRANT. Accordingly,

**IT IS HEREBY ORDERED** that TK Boat Rentals, LLC's Motion to Enforce the Settlement Agreement, R. Doc. 102, is **GRANTED**. **IT IS FURTHER ORDERED** that Pontchartrain Partners LLC shall pay TK Boat funds owed in the amount of $80,000 plus any postjudgment interest at the federal rate until paid.

New Orleans, Louisiana, this 15th day of May, 2024.

*Eldon E. Fallon*
United States District Judge

---

[1] TK Boat notes that its current request is strictly limited to payment in connection with repairs to the GRANT as Pontchartrain has previously paid TK Boat for financial obligations arising from the charter hire portion of the settlement. R. Doc. 102-1 at 2.